Nancy A. Mismash (6615)
**ROBERT J. DEBRY & ASSOCIATES**
4252 South 700 East
Salt Lake City, Utah 84107
Telephone: (801) 262-8915
Fax: (801) 262-8995
nmismash@robertdebry.com
*Counsel for Plaintiff and the Proposed Class*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GREG GALLOWAY, individually and on behalf of all similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>FCA US, LLC,<br><br>Defendant. | Case No.  2:20-cv-00149-DBB<br><br>**COMPLAINT AND JURY TRIAL DEMAND**<br><br>Judge:  David Barlow |

Plaintiff, GREG GALLOWAY ("Plaintiff"), by and through the undersigned attorneys, brings this Complaint against Defendant, FCA US, LLC ("Defendant" or "FCA US"), and alleges the following on information and belief:

### NATURE OF THE CASE

1. Plaintiff brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. The TCPA was enacted in response to widespread public outrage concerning the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012).

3. The TCPA is designed to protect consumer privacy by prohibiting, among other things, autodialed telemarketing calls to cellular telephones without the "prior express written consent" of the called party. *See In re Rules and Regulations Implementing the TCPA of 1991*, 27 FCC Rcd. 1830, 1844 (2012); 47 C.F.R. § 64.1200 (f) (1), (12).

4. Plaintiff is a private individual residing in Salt Lake City, Utah.

5. Defendant "is a North American automaker based in Auburn Hills, Michigan" who "designs, manufactures, and sells or distributes vehicles under the Chrysler, Dodge, Jeep®, Ram, FIAT and Alfa Romeo brands, as well as the SRT performance designation."[1]

6. This case challenges Defendant's practice of initiating autodialed telemarketing calls to cellular and home telephones without the prior express written consent required by the TCPA. *See* 47 C.F.R. § 64.1200(a)(2), (f)(8)(i), and continuing to do so even after receiving explicit demands to stop the autodialed telemarketing calls.

7. Beginning on February 18, 2019, to the present, Defendant initiated no less than 100 autodialed telemarketing calls to Plaintiff's personal cellular phone number: (801) XXX-4059.

8. The calls were placed from telephone number 833-585-0144.

---

[1] *See* FCA, https://autoalliance.org/companies/fca/ (last visited DATE, 2020).

9. Beginning on February 18, 2019, Plaintiff made numerous requests demanding Defendant cease its attempts to contact Plaintiff. Despite Plaintiff's repeated demands, Defendant continues to contact Plaintiff in violation of the TCPA.

10. At no time prior to Defendant's first contact, and at no time after, did Plaintiff give express written consent to receive autodialed phone calls on his cellular phone from Defendant.

11. Each time Defendant attempted to contact Plaintiff, Defendant utilized an "automatic telephone dialing system" ("ATDS").

12. Defendant's practice caused actual harm to Plaintiff in several ways, including, but not limited to, temporarily using his cellular phone and tying up his line, invading his privacy, causing wear and tear on his cellular phone, and consuming battery life. Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, a nuisance, and disturbed his solitude.

## JURISDICTION & VENUE

13. Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, because Plaintiff's claims arise under 47 U.S.C. § 227, a federal statute.

14. This Court has personal jurisdiction over FCA US, LLC, because it is registered to conduct business within the State of Utah and the acts or omission complained herein which give rise to this Complaint occurred within the State of Utah.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant transacted business in this District and a substantial portion of the actions and omissions giving rise to the claims alleged in this Complaint occurred in this District.

## PARTIES

16. Plaintiff, Greg Galloway, is a resident of Salt Lake City, Utah, in the County of Salt Lake.

17. Defendant, FCA US, LLC, is a Michigan corporation registered to do business in the State of Utah. Defendant can be served via its registered agent, C.T. Corporation System, 1108 E. South Union Ave, Midvale, Utah 84047.

## BACKGROUND AND ENFORCEMENT OF THE TCPA

18. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry and protect consumers of telephone services. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

19. When Congress enacted the TCPA in 1991, it found that telemarketers were calling 18 million Americans every day. *In re Rules and Regulations Implementing the TCPA of 1991*, 18 FCC Rcd. 14014, ¶ 8 (2003) ("2003 Order"). By 2003, telemarketers were calling 104 million Americans every day, assisted by the proliferation of new and more powerful autodialing technology. *Id.*, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

20. The problems Congress identified when it enacted the TCPA have only grown worse in recent years. The FCC has emphasized that action must be taken to "stop the scourge of illegal robocalls" because "U.S. consumers received approximately 2.4 billion robocalls per month

4

in 2016." *See The FCC's Push to Combat Robocalls & Spoofing*, FCC, https://www.fcc.gov/about-fcc/fcc-initiatives/fccs-push-combat-robocalls-spoofing (last visited June 25, 2019).

### THE TCPA PROHIBITS AUTOMATED TELEMARKETING CALLS

21. The TCPA requires prior express written consent for all autodialed telemarketing calls to cellular telephone numbers. *See In re Rules and Regulations Implementing the TCPA of 1991*, 27 FCC Rcd. 1830, 1844 (2012); 47 C.F.R. § 64.1200 (f) (1), (12).

22. "Prior express written consent" means:

> an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered.

47 C.F.R. § 64.1200 (f) (8).

23. The agreement in writing:

> shall include a clear and conspicuous disclosure informing the person signing that: (A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and (B) The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

47 C.F.R. § 64.1200 (f) (8) (i) (A).

24. According to the FCC, "[t]he term seller means the person or entity on whose behalf a telephone call or message is initiated for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200 (f) (9).

5

25. "The term advertisement means <u>any</u> material advertising the commercial availability or quality of any property, goods, or services." 47 C.F.R. § 64.1200 (f) (1) (emphasis added).

26. "The term telemarketer means the person or entity that initiates a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200 (f) (11).

27. "The term telemarketing means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200 (f) (12).

## FACTUAL ALLEGATIONS

### A. *Defendant routinely initiates autodialed calls as part of its ongoing advertising and telemarketing campaigns.*

28. Beginning on February 18, 2019, Defendant initiated unsolicited phone calls to Plaintiff's Phone Number using an ATDS, as defined by 47 U.S.C. § 227(a)(1). Defendant contacted Plaintiff from phone number (833) 585-0144.

29. Plaintiff had not, prior to this initial call from Defendant, expressly consented in any manner to allow Defendant to contact him.

30. Defendant uses an ATDS to contact Plaintiff regarding automobile airbag recalls. Plaintiff never owned the vehicle subject to this supposed recall, and informed Defendant as such.

31. Each call from Defendant utilized the following pre-recorded telemarketing message urging Plaintiff to schedule an appointment for a vehicle he never owned:

6

"Please hold for urgent airbag recall information from Fiat Chrysler. We will be with you shortly. This is the FCA Recall Team with an urgent message about an airbag recall affecting your vehicle. Due to the severity of this defect please call us or your local Chrysler, Dodge, Jeep, or Ram dealership now. To schedule your free repair, you can contact us toll-free at 1-833-585-0144 between 8 a.m. and 7 p.m. Eastern Standard Time Monday through Friday, or contact your local Chrysler, Dodge, Jeep, or Ram dealer directly. Your dealership will replace your driver's side airbag for free. Our number again is 1-833-585-0144. We are concerned for you safety. Thank you.

32. Defendant's unsolicited calls and voicemails gave Plaintiff no ability to "opt out" from receiving phone calls and messages.

33. Beginning February 18, 2019, Plaintiff made numerous attempts to contact Defendant at Defendant's ATDS phone number for the purpose of demanding Defendant cease its attempts to contact and solicit Plaintiff at Plaintiff's phone number.

34. Despite Plaintiff's attempts, Defendant's unsolicited calls to Plaintiff continue.

35. Defendant's autodialed calls also leave voice messages in Spanish encouraging individuals to contact them to set up an appointment.

**B.** *Defendant's multiple contacts with Plaintiff, and Plaintiff's repeated efforts to end the harassment.*

36. Beginning in 2019, Plaintiff received phone calls from Defendant's ATDS Phone number including, but not limited to, following dates:

    a.    February 18, 25, 26;

    b.    March 4, 11, 12, 18, 25, 26;

    c.    April 1, 8, 15, 29;

    d.    May 6, 9, 13, 16, 20, 22, 27;

7

      e.      June 3, 10, 17, 24;

      f.      July 1, 8, 12, 15, 22, 29, 30;

      g.      August 5, 12, 16, 19, 22, 26, 30;

      h.      September 3, 5, 9, 11, 16, 17, 19, 23, 24, 30;

      i.      October 1, 7, 8, 11, 14, 15, 22, 23, 24, 28, 29;

      j.      November 4, 5, 8, 11, 12 19, 25, 26;

      k.      December 2, 3, 9, 11, 16, 17, 23, 26, 30.

37. On numerous occasions, Defendant contacted Plaintiff multiple times on the same day.

38. During each attempt Defendant contacted Plaintiff using the exact same ATDS number Defendant had used previously and left the exact same pre-recorded message.

39. Plaintiff demanded that Defendant cease its attempts to contact Plaintiff on the following dates February 18, 2019, March 18, 2019, March 26, 2019, April 15, 2019, and May 9, 2019. This list is *not* exhaustive of all of Plaintiff's attempt to demand Defendant cease its contact attempt.

40. Despite Plaintiff's demands, Defendant continued to initiate unsolicited, unconsented phone calls to Plaintiff via an ATDS.

41. At no time prior to Defendant's initial call on February 18, 2019, and at no time after, did Plaintiff give any form of express written consent to allow Defendant to contact him.

42. Each of Defendant's unsolicited phone calls to Plaintiff's phone number were made via an ATDS.

8

43. Each of Defendant's unsolicited phone calls to Plaintiff's phone number violated the TCPA.

C. *Defendant's conduct was knowing or willful; Defendant has previously been sued for violating the TCPA.*

44. This is not the first time Defendant has been sued for violations of the Telephone Consumer Protection Act. *See* Complaint, *Bryan v. FCA US, LLC, f/k/a/ Chrysler Group LLC*, Case No. 2:18-cv-13479 (E.D. Mich. Nov. 7, 2018), attached hereto as Exhibit A. For example, on November 7, 2018, Plaintiff Tara Bryan filed a TCPA suit against Defendant in United States District Court for the Eastern District of Michigan alleging Defendant violated the TCPA. *See id.* Plaintiff Bryan alleged unsolicited calls from this same Defendant, utilizing this same ATDS Phone Number. Shortly after filing her claim, Defendant settled the case. *See* Notice of Settlement, attached hereto as Exhibit B.

45. At minimum, Defendant became aware that its practices violated the TCPA on or around June 7, 2016. *See* Complaint, *Felsen v. FCA US, LLC, et al.*, Case No. 2:16-cv-01259 (D. Nev. June 7, 2017). That TCPA case against Defendant was settled on September 19, 2016. *See* Notice of Settlement, attached hereto as Exhibit C.

46. Despite Defendant's knowledge of the TCPA Defendant continues to initiate unsolicited, unconsented telemarketing calls to potential customers, including Plaintiff and Class members, using an ATDS. At minimum, Defendant became aware of the TCPA on June 7, 2017, the date of the filing of the Complaint in *Felsen v. FCA US, LLC, et al.*

47. If, however, Defendant did not become aware of the TCPA by litigating *Felsen v. FCA US, LLC, et al.* and *Bryan v. FCA US, LLC, f/k/a/ Chrysler Group LLC*, **at the very least** Plaintiff's numerous phone conversations with Defendant complaining of Defendant's unconsented autodialed calls and demanding they stop put Defendant on notice that its calls violated the TCPA.

48. As such, Defendant knowingly or willfully violated the TCPA.

## COUNT I – VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET SEQ.*

49. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

50. Defendant's acts and omissions alleged herein constitute numerous and multiple violations of the TCPA, 47 U.S.C. §227, as Defendant called the cellular telephone number of Plaintiff using an ATDS.

51. Plaintiff is entitled to an award of $500 in damages for each and every call Defendant made to his cellular telephone numbers using an ATDS or artificial or prerecorded voice in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B).

52. Plaintiff is also entitled to, and seeks through this lawsuit, injunctive relief prohibiting Defendant from violating the TCPA, 47 U.S.C. §227, by making calls, except for emergency purposes, to cellular telephone numbers using an ATDS or artificial or prerecorded voice.

53. Defendant's violations were knowing or willful.

54.     If the Court determines that Defendant's actions were knowing or willful, then Plaintiff requests the Court increase the statutory damages up to three times the amount ($1,500 per violation) pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff requests the following relief:

A. An order awarding statutory damages of $500 per phone call at issue pursuant to 47 U.S.C. § 227(b)(3)(B);

B. An order increasing those statutory damages up to three times ($1,500 per violation) pursuant to 47 U.S.C. § 227(b)(3)(C);

C. An order enjoining Defendant from engaging in the same or similar unlawful practices alleged herein;

D. An order awarding costs of suit;

E. Leave to amend this Complaint to conform to the evidence presented at trial; and Orders granting any other relief this Honorable Court deems equitable, proper, and just.

Dated: 3/6/2020

*Nancy A. Mismash*
*Counsel for Plaintiff and the Proposed Class*